UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TODD McCLASKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:03CV00066 AGF |
| | ) |
| LA PLATA R-II SCHOOL DISTRICT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the request by Plaintiff to file a pro se affidavit, alternative responses to the uncontroverted facts filed by Defendants, and alternative documents in opposition to the motion for summary judgment filed by Defendants. (Doc. No. 126-6). Plaintiff makes this request because he believes appointed counsel is not "adequately advocating all of his evidence and all of his claims."

This is not the first time that the Court has been called upon to address similar issues related to this case. Previously, appointed counsel requested that he be permitted to withdraw based upon correspondence filed by Plaintiff in which Plaintiff expressed dissatisfaction with the way counsel was handling his case, disagreement with the claims that should be asserted and the manner in which the claims should be asserted, and a desire to proceed pro se. (Doc. Nos. 107 & 109). In response to the prior motion, the Court held a lengthy hearing on December 19, 2005, the bulk of which was conducted outside the hearing of defense counsel. At that hearing, the Court noted that Plaintiff did not have a right to appointed counsel, and further noted that inasmuch as this was the

second attorney the Court had appointed to represent Plaintiff,[1] the Court would not appoint new counsel if Plaintiff did not want to accept the services of the attorney the Court had appointed. The Court advised Plaintiff that he had the right to represent himself, if he wished, but also reminded Plaintiff that should he desire to have appointed counsel represent him, such attorney would be called upon to exercise his professional judgment. At the conclusion of the hearing, Plaintiff represented to the Court that he desired to have appointed counsel continue to represent him.

Now it appears that the problem that occurred in late 2005 is presenting itself once again, and that Plaintiff does not agree with the representation counsel is offering. Unwilling to accept the advice offered by counsel, Plaintiff in the current motion essentially desires both to have counsel represent him and to represent himself. This the Court cannot allow. As the Court previously advised Plaintiff, Plaintiff may either represent himself or he may have appointed counsel represent him – which representation includes the exercise of counsel's professional judgment. The Court cannot have two potentially conflicting voices speaking on behalf of Plaintiff. If Plaintiff disagrees with the representation being provided to him and desires to file his own pleadings in response to Defendants' motion for summary judgment, he may do so, but in that event, the Court will terminate the appointment of counsel and Plaintiff will thereafter proceed pro se.

---

[1] The Court previously appointed counsel to represent Plaintiff, his wife, and his daughter, when those individuals were parties to the lawsuit. Plaintiff's wife and daughter, however, thereafter stated they no longer desired to be a part of the litigation and requested leave to dismiss their claims. As a result of the prior joint representation, appointed counsel believed he had a conflict of interest that prevented him from representing Plaintiff alone, and on February 4, 2005, the Court granted counsel's motion (Doc. #66) to withdraw as counsel. (Doc. #67)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **February 15, 2006**, to file either (1) a document withdrawing his request to file pro se pleadings (Doc. No. 126-6), or (2) his pro se affidavit and other documents responsive to Defendants' motion for summary judgment. In the event Plaintiff takes the second option and files pro se pleadings, the Court shall terminate the appointment of attorney Casey Welch as Plaintiff's counsel, and Plaintiff shall thereafter retain his own attorney or proceed pro se for the balance of the Court proceedings.

The Clerk of Court is hereby directed to send a copy of this Order to Plaintiff's home address.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of February, 2006.