UNITED STATES District COURT
EASTERN District OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TODD McCLASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   2:03CV00066 AGF |
| | ) | |
| LA PLATA R-II SCHOOL DISTRICT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss the members of the Board of Education in their official capacities.  The remaining Defendants in this case are the La Plata R-II School District, a former superintendent of the District (Richard Forcum), a former principal of the District's high school (Steve Davis), and seven present and/or former members of the Board of Education ("Board") of the District.  The nine individual Defendants have been named in their individual and official capacities.

Defendants argue that suing these individuals in their official capacities constitutes a suit against the Board itself, which is redundant in light of the fact that the School District has also been named as a Defendant.  The case cited by Defendants only establishes that a suit under 42 U.S.C. § 1983 against an individual in his or her official capacity as an agent of a governmental entity is a suit against the government entity itself. Defendants are correct that naming the members of the Board in their official capacities is the same as naming the Board; however, here the Board has not been named as a defendant.  The District and the Board are separate entities, and Defendants have not

cited any authority for the proposition that it is inappropriate for both to remain as Defendants in this action, as is often the situation in similar cases.  See, e.g., Thompson v. Carthage Sch. Dist., 87 F.3d 979 (8th Cir. 1996); Heidemann v. Rother, 84 F.3d 1021 (8th Cir. 1996); McCachren v. Blacklick Valley Sch. Dist., 217 F. Supp. 2d 594, 599 (W.D. Pa. 2002) (dismissing official capacity claims against members of school board and employees of school district because the board and district were defendants in the action).

The claims against Richard Forcum and Steve Davis in their official capacities shall be dismissed as redundant of the claims against the District.  See Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (§ 1983 claim against employee of school district in his official capacity could be dismissed as redundant to claim against the district).  Plaintiff, of course, will not be permitted to recover duplicate damages for the same injury.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss the complaint against the members of the School Board in their official capacities is **DENIED**.  [Doc. #188].

**IT IS FURTHER ORDERED** that the claims against Richard Forcum and Steve Davis in their official capacities are dismissed.  These Defendants remain in the case in their individual capacities.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of August, 2006.