UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TODD McCLASKEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:03CV00066 AGF |
| ) | |
| LA PLATA R-II SCHOOL DISTRICT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for reconsideration[1] of the Court's Memorandum and Order dated July 14, 2006, granting the City of La Plata and La Plata police officer James Woolfolk's motion for summary judgment. Oral argument on the motion for reconsideration was held on the record before the Court on August 11, 2006. Plaintiff's motion for reconsideration is based primarily upon his assertion that the following statement in Officer Woolfolk's affidavit submitted in support of these Defendants' motion for summary judgment constituted perjury: "When I attended the December 9, 2002 school board meeting, I didn't know that the meeting concerned racial problems or anything concerning race, or anything of that nature."

At oral argument, Counsel for the City and Officer Woolfolk argued that nothing in the record calls the truth of this statement into question. He further represented to the

---

[1] At the final pretrial conference, Plaintiff filed a document entitled "Notice of Perjured Affidavit of James Woolfolk." Although untimely, the Court advised Plaintiff that it would consider the document and treat it as a motion for reconsideration of the Court's prior grant of summary judgment.

Court that before Officer Woolfolk attended the December 9, 2002 school board meeting, Officer Wolfolk was not told and did not know that Plaintiff would be at the meeting. Nothing in the record refutes this representation, and at oral argument, Plaintiff did not point to any basis for questioning its truthfulness. Rather, Plaintiff focused upon the police investigation of the incident between Plaintiff's daughter and another student.

Plaintiff's objections to the statement in Officer Woolfolk's affidavit appear to result from a difference in temporal focus between the two parties. Plaintiff appears to read Officer Woolfolk's statement as a denial that he knew, prior to the December board meeting, that Plaintiff and his family were complaining about racial incidents at the school and the school's reaction thereto. The Court, however, does not read paragraph 10 of Defendant Woolfolk's affidavit in this way, but rather reads the statement to attest that prior to attending the meeting, Defendant Wookfolk did not know that Mr. McClaskey intended to attend and raise racial issues pertaining to his daughter's treatment. As such, the Court does not find anything in the record to suggest any perjury by Defendant Woolfolk.

Furthermore, as Counsel for the City and Officer Woolfolk noted, Plaintiff did not refute the facts in these Defendants' statement of uncontroverted material facts other than to deny them.[2] This statement of material facts, while based in part on Officer

---

[2] While Plaintiff now appears pro se, the Court notes that at the time the opposition to the motion for summary judgment was filed, Plaintiff was represented by counsel. Even if Plaintiff disagrees with the actions of his prior appointed counsel, he has not pointed the Court to any evidence in the record that would refute the uncontroverted material facts cited in support of Defendants' motion for summary judgment.

2

Woolfolk's affidavit, were based primarily upon Plaintiff's own deposition testimony. Under Local Court Rule 7-4.01(E), all matters set forth in a movant's statement of uncontroverted material facts are deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. As set forth therein, the evidence in the record demonstrates the following: (1) Representatives of the School Defendants specifically requested that a police officer attend the school board meeting because of possible safety concerns; (2) Officer Woolfolk was requested to attend for that purpose; (3) Both before and after the December meeting, the City occasionally provided officers at board meetings at the request of the school board; (4) Neither Mr. McClaskey nor his family members had requested to be placed on the agenda, nor did they appear on the agenda; (5) Officer Woolfolk did not know prior to attending the meeting that Mr. McClaskey intended to appear and raise racial issues and did not enter into any agreement with the school board members to discriminate against anyone; (6) Mr. McClaskey did not know that Officer Woolfolk was in attendance at the meeting until Officer Woolfolk's presence was pointed out to him; (7) Officer Wookfolk did not observe any problems during the meeting and did not intervene or speak to Mr. McClaskey or anyone else during the meeting; (8) Officer Wookfolk did not, in any physical manner, attempt to make Mr. McClaskey stop speaking at the meeting; (9) Mr. McClaskey voluntarily left the December school board meeting, but felt that he had been intimidated and threatened with removal by School Board President Bill Thompson; (10) Officer Woolfolk did not "escort" Mr. McClaskey out of the meeting, and never physically touched him. Neither at the summary judgment stage, nor in connection with

the motion for reconsideration, has Plaintiff refuted these facts with evidence in the record.

Upon review of the record and consideration of the arguments of the parties, the Court concludes that its initial determination that the City and Officer Woolfolk are entitled to summary judgment is correct.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the Court's Order dated July 14, 2006, granting the motion of the City of La Plata and James Woolfolk for summary judgment is **DENIED**. [Doc. #221].

                                                             _____
                                                             AUDREY G. FLEISSIG
                                                             UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2006